O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY SEIDS GAINES | ) | Case Nos.   2:16-cv-07067-CAS |
| | ) |                        2:99-cr-00257-CAS |
|                    Plaintiff, | ) | |
|         v. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|                    Defendant. | ) | |
| | ) | |

## I.     INTRODUCTION AND BACKGROUND

On August 19, 1999, after a jury trial before Judge Lourdes G. Baird, Anthony Seids Gaines was convicted of: (1) one count of conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) four counts of committing a Hobbs Act robbery, in violation of Section 1951; and (3) four counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Dkt. 1 ("Mot.") at 1; United States v. Gaines et al, 2:99-cr-00257 (C.D. Cal. Aug. 19, 1999) ("Criminal Case"), dkt. 231.  Consequently, on December 21, 1999, the court sentenced Gaines to 210 months of imprisonment for each of the Hobbs Act violations (counts 1, 2, 4, 6, 8) to be served concurrently, plus an additional 780 months for violations of 18 U.S.C.

§ 924(c) (including 60 months for using and carrying a firearm to commit a crime of violence, count 3, and 240 months for each of the three remaining Section 924(c) violation, counts 5, 7, 9). Criminal Case dkts. 291, 292. In total, Gaines was sentenced to 990 consecutive months of imprisonment. Id.

On September 5, 2002, Gaines filed a petition under 28 U.S.C. § 2255, raising issues that do not arise in the instant matter. United States v. Anthony S Gains, 2:02-cv-06917-CAS ("First Habeas Petition"), dkt. 1. The Court denied Gaines's petition on November 27, 2002. First Habeas Petition dkt. 3.

On May 6, 2016, Gaines filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Mot. On September, 16 2016, the Ninth Circuit authorized Gaines to file a second or successive Section 2255 motion. Dkt. 3. On September 20, 2016, Gaines's Section 2255 motion was manually filed in this Court. Dkt. 4. On November 7, 2016, the government filed its opposition to Gaines's motion. Dkt. 9. ("Opp'n"). On October 26, 2016, Gaines filed his reply. Dkt. 11 ("Reply").

## II.   LEGAL STANDARD

A prisoner may move the court to vacate, set aside or correct his sentence if he can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

## III.   DISCUSSION

In the instant Section 2255 motion, Gaines argues that, in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), a Hobbs Act robbery is no longer a crime of violence under Section 924(c) and, therefore, his 780-month sentence for carrying and using a firearm in commission of a crime of violence is unconstitutional. The government argues that Gaines is not entitled to relief under Section 2255 because:

(a) Gaines's claims are procedurally defaulted; (b) Gaines's motion is time-barred; and (c) Gaines's motion fails on the merits because (i) Johnson II does not apply to Section 924(c), and (ii) Hobbs Act robbery remains a crime of violence under Section 924(c).

### A. Johnson v. United States

Federal law forbids certain people—convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. 18 U.S.C. § 922(g). If a violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act ("ACCA") increases her prison term to a minimum of 15 years. The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, are known as the ACCA's residual clause. Johnson II, 135 S. Ct. at 2556 (2015).

On June 26, 2015, the Supreme Court held in Johnson II that imposing an increased sentence under the ACCA's residual clause violates due process. 135 S. Ct. at 2557. On October 19, 2015, in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit extended Johnson II to a materially identical residual clause in 18 U.S.C. § 16, which defined a "crime of violence" for the purposes of identifying offenses that merit deportation of non-citizen defendants under the Immigration and Nationality Act. On April 18, 2016, in Welch v. United States,

1  136 S.Ct. 1257 (2016), the Supreme Court held that Johnson II announced a new
2  substantive rule of constitutional law that applies retroactively on collateral review.
3  Welch, 136 S.Ct. at 1264–68.

### B. Gaines Has Not Procedurally Defaulted

The government argues that Gaines's claim is procedurally defaulted because he failed to raise it on appeal. Opp'n at 6–8. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised [] only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (quotation marks and citations omitted).

Cause exists when a claim is "novel." See Reed v. Ross, 468 U.S. 1, 15 (1984). A claim could be novel where a Supreme Court decision: (1) "explicitly overrule[s] one of th[e] Court's precedents"; (2) "may overtur[n] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) "disapprove[s] a practice that th[e] Court arguably has sanctioned in prior cases." Id. at 17 (quotation marks omitted). As the Supreme Court itself recognized, Johnson II expressly overruled Supreme Court precedent. See Johnson II, 135 S.Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in James [v. United States, 550 U.S. 192 (2007)] and Sykes [v. United States, 564 U.S. 1 (2011)] are overruled."). Thus, Gaines's claim is "novel" and he has established cause for failing to raise this argument on appeal.

To show prejudice, Gaines must "demonstrate[e] not merely that the errors . . . [in the proceedings] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions.'" United States v. Braswell, 501 F.3d 1147, 150 (9th Cir. 2007) (quotation

-4-

marks omitted). Thus, Gaines must show a "reasonable probability" that, without the error, the result of the proceedings would have been different. Strickler v. Greene, 527 U.S. 263, 289 (1999). Gaines argues that he was prejudiced because his Section 924(c) conviction added 780 months to his sentence. Reply at 7. The Court agrees. If the court mistakenly treated a Hobbs Act robbery as a crime of violence, there is a reasonable probability that, but for the error, Gaines's sentence would have been different. The Court thus finds that Gaines has established prejudice.

Additionally, courts have concluded that Section 2255 motions based on a Johnson II claim are not procedurally defaulted because such claims were not "reasonably available" prior to Johnson II. See United States v. Garcia, No. 13-cr-00601-JST, 2016 WL 4364438, *3 (N.D. Cal. Aug. 16, 2016); Alvarado v. United States, No. 16-cv-4411-GW, 2016 WL 6302517, *3 (C.D. Cal. Oct. 14, 2016); United States v. Kinman, No. 16-cv-1360-JM, 2016 WL 6124456, *4 (S.D. Cal. Oct. 20, 2016), appeal docketed No. 16-56568 (9th Cir. Oct. 21, 2015). The Court concludes that Gaines has overcome his failure to raise his instant arguments on appeal and may file the instant motion.[1]

### C. Gaines's Motion Is Timely

The government asserts that Gaines's Section 2255 motion is untimely. Opp'n at 8–14. The limitations period for filing a Section 2255 motion runs "from the latest of (1) the date on which the judgment of conviction becomes final . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). The government argues that Gaines did not bring his motion within one year of October 1, 2001, when his conviction became final,

---

[1] Because Gaines has overcome procedural default by showing cause and prejudice, the Court need not address Gaines's actual innocence argument. See Reply at 2–3.

-5-

and that "the right recognized in Johnson II has not been made retroactively applicable to Section 924(c) cases on collateral review." See Opp'n at 9–10. To determine whether Gaines's motion is timely, the Court must first determine whether Johnson II, which applies retroactively to the ACCA, also applies to Section 924(c).

Section 924(c) authorizes the imposition of enhanced penalties on a defendant who uses or carries a firearm while committing a "crime of violence." 18 U.S.C. § 924(c)(1). The statute defines "crime of violence" as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. 18 U.S.C. § 924(c)(3)(A)–(B). Courts generally refer to Section 924(c)(3)(A) as the "force clause" and to Section 924(c)(3)(B) as the "residual clause." See United States v. Howard, No. 15-10042, 2016 WL 2961978 (9th Cir. May 23, 2016); United States v. Bell, 153 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

While the Ninth Circuit has not specifically resolved whether Johnson II invalidated the residual clause in Section 924(c), in Dimaya, the Ninth Circuit held that the residual clause in 18 U.S.C. § 16 was unconstitutionally vague in the wake of Johnson II. See Dimaya, 803 F.3d at 1120. The Ninth Circuit found that Section 16's residual clause—though not identically worded to the ACCA—was void for vagueness because both clauses required courts to "1) measure the risk by an indeterminate standard of a judicially imagined ordinary case, not by real world-facts or statutory elements and 2) determine by vague and uncertain standards when a risk is sufficiently substantial." Id. (quotation marks omitted).

The residual clause in Section 924(c) is identical to the residual clause in 18 U.S.C. § 16. See 18 U.S.C. § 924(c)(3)(B); 18 U.S.C. § 16(b). Therefore, as other courts have

-6-

recognized, Dimaya requires this Court to conclude that Section 924(c)'s residual clause is also unconstitutionally vague post-Johnson II.  See Bell, 158 F. Supp. 3d at 922 (after Johnson II, Section 924(c)'s residual clause "cannot stand" because, like the ACCA residual clause, it requires the application of the categorical approach and "the differences in the language used in the ACCA residual clause versus the Section 924(c)(3) residual clause are not material insofar as the reasoning in Johnson II is concerned"); United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1164 (E.D. Cal. 2016) (same); United States v. Baires-Reyes, 191 F. Supp. 3d 1046, 1053 (N.D. Cal. 2016) (same); United States v. Shumilo, No. 16-cv-4412-GW, 2016 WL 6302524, *7 (C.D. Cal. Oct. 24, 2016) ("[T]he Court would find that Johnson II applies to the residual clause in [Section] 924(c), thereby invalidating it."); United States v. Bustos, No. 08-cr-297-LJO-3, 2016 WL 6821853, * 5 (E.D. Cal. Nov. 17, 2016) ("[T]he Court finds it cannot escape the conclusion that the [Section] 924(c)(3) residual clause is unconstitutionally vague and therefore cannot be the basis for enhancing a [Section 924(c)] sentence.").

The Court is persuaded by the reasoning of other courts in this Circuit and concludes that Johnson II applies retroactively to Section 924(c).  Therefore, Gaines's motion is timely because it was filed within one year of the Supreme Court's decision in Johnson II.

**B.    Gaines's 780-Month Sentence is Not Unconstitutional Because Hobbs Act Robbery is a Crime of Violence under Section 924(c)(3)(A)**

Gaines argues that Hobbs Act robbery cannot categorically be considered a "violent crime" under Section 924(c)(3)(A), otherwise known as the "force clause." Specifically, Gaines contends that Hobbs Act robbery may be committed by merely instilling "fear of injury" in one's victim, which can be accomplished without the actual use of physical force necessary for a conviction to constitute a "crime of violence" under the Section 924(c)(3)(A).  Additionally, Gaines argues that Hobbs Act robbery may be committed without satisfying the specific intent requirement implicit in Section

924(c)(3)(A). For reasons explained below, the Court finds these arguments unpersuasive and concludes that under the categorical approach, Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).

### 1. The Court Applies the "Categorical Approach" to Determine Whether Hobbs Act Robbery Is a Crime of Violence

Ordinarily, courts apply what is known as the "categorical approach" to determine whether a prior conviction qualifies as a "crime of violence." United States v. Sahagun-Gallegos, 782 F.3d 1094, 1098 (9th Cir. 2015). Under the categorical approach, a court must compare the statutory elements of a prior conviction to the "generic federal definition." Id. For example, if the Court were to follow the categorical approach here, the Court would compare the statutory elements of a Section 1951(b)(1) to the definition of a "crime of violence" set forth in the Section 924(c)(3)(A). However, "when a prior conviction is for violating a "divisible statute"—one that sets out one or more of the elements in the alternative, *e.g.,* burglary involving entry into a building *or* an automobile—a "modified categorical approach" is used. Descamps v. United States, 133 S.Ct. 2276, 2281 (2013). The modified categorical approach allows a court to "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative [element] formed the basis of the defendant's prior conviction." Id. The modified categorical approach is not an exception to the categorical approach, but rather a tool for courts to look beyond the statutory elements of a criminal statute to determine which version of the offense—here, robbery or extortion—forms the basis of defendant's conviction. See id. at 2284–86 (2013).

While the government correctly argues that Section 1951*(a)* is divisible because it prohibits at least two crimes in the alternative (robbery and extortion), Gaines argues that the definition of *robbery* in the Hobbs Act, set forth in 18 U.S.C. § 1951*(b)(1)*, is indivisible. Mot. at 11. Gaines therefore asserts that the Court should use the categorical

-8-

approach to determine whether the offense meets the requirements of Section 924(c)(3)(A), the force clause. Id.  The Court agrees.

Section 1951(b)(1) is indivisible because it does not describe different elements of robbery, but instead offers different *means* by which robbery can be committed—i.e. "by actual or threatened force," by "violence," or by "fear or injury."  See United States v. Frazier, No. 2:15-cr-044-GMN-GWF, 2016 WL 4191047, at *5 (D. Nev. May 20, 2016) ("while a Hobbs Act robbery may be committed by diverse means, these do not constitute diverse elements such as to make the statute further divisible.") (quoting United States v. Evans, No. 5:15-cr-57-H, 2015 WL 6673182 (E.D.N.C. October 20, 2015)); see also United States v. Smith, No. 2:11-cr-00058-JAD-CWH, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016) ("Section 1951(b)[1], which further defines 'robbery' for purposes of Section 1951(a) . . . does not contain alternative *elements*.") (emphasis added); see also United States v. Hernandez, No. 2:16-cr-37-NT, 2017 WL 111730, at *1 (D. Me. Jan. 11, 2017) ("the robbery portion of the Hobbs Act [i.e. Section 1951(b)(1)] is not divisible.").

Accordingly, to determine whether Gaines's Hobbs Act robbery qualifies as a "crime of violence" under Section 924(c)(3)(A), the Court applies the categorical approach outlined in Taylor v. United States, 495 U.S. 575 (1990).  See United States v. Piccolo, 441 F.3d 1084, 1086–87 (9th Cir. 2006) ("In the context of crime of violence determinations under Section 924(c), [the] categorical approach applies.").

### 2. Hobbs Act Robbery is a Crime of Violence under Section 924(c)(3)(A) because it Requires Violent Physical Force

Under Section 924(c)(3)(A), a "crime of violence" is any offense that is a felony and "has as an element the use, attempted use, or threatened use of *physical force* against the person or property of another."  18 U.S.C. § 924(c)(3)(A) (emphasis added). Relying on the Supreme Court's decision in Johnson v. United States, 559 U.S. 133, 130 (2010) ("Johnson I"), Gaines argues that the term "physical force" in Section

924(c)(3)(A) means "*violent* force."[2]  Mot. at 5.  Gaines further contends that the term "force" in the Hobbs Act robbery statute does not meet the standard of the Section 924(c)(3) force clause because the term "force" in the Hobbs Act has a different, less severe meaning than the definition of "force" in Section 924(c)(3).  Id.  According to Gaines, Hobbs Act robbery may be committed by merely placing the victim in "fear of injury . . . to . . . property," 18 U.S.C. § 1951(b)(1).  Mot. at 5–8.  Therefore, Gaines argues, the Hobbs Act does not categorically require the "use, attempted use, or threatened use of 'violent force,'" as required in Section 924(c)(3)(A).  Id.  As an example, Gaines cites United States v. Iozzi, 420 F.2d 512, 514 (4th Cir. 1970), which upheld a Hobbs Act conviction when a union president threatened "to slow down or stop construction projects unless his demands were met."  Mot. at 8.  Gaines argues that such threats to economic interests violate the Hobbs Act, but are not threats of "violent force."  Mot. at 8.  In Gaines's view, because the Hobbs Act may create liability based upon such

---

[2] The Ninth Circuit has not yet construed the term "physical force" under the Section 924(c) force clause.  Gaines contends that this Court should adopt a meaning applied in Johnson I, wherein the Supreme Court considered whether a conviction for simple battery under Florida law qualifies as a "violent felony" under the force clause of ACCA.  To constitute a "violent felony," the Supreme Court determined that the physical force required by the offense must be *"violent* force—that is, force capable of causing physical pain or injury to another person."  Johnson I, 559 U.S. at 140 (emphasis in original).  In United States v. Bell, the court concluded that "physical force" under the Section 924(c)(3) force clause "carries the same meaning as under the ACCA force clause," and applied the meaning derived from Johnson I to Section 924(c)(3).  See United States v. Bell, 158 F. Supp. 3d 906, 912 (N.D. Cal. Jan. 28, 2016) (noting that following Johnson I, the Ninth Circuit has extended this definition of "physical force" to other generic offense provisions (though not the Section 924(c)(3) force clause), including 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2, both of which define "crime of violence" using language that is identical or essentially identical to the language used in the ACCA force clause and the Section 924(c)(3) force clause).  The Court finds it appropriate to do the same here.

nonviolent threats, Hobbs Act robbery fails to qualify as a "crime of violence" under the Section 924(c)(3) force clause.

The Court finds Gaines's arguments unpersuasive because "'fear of injury' in the [Section 1951(b)(1)] is correctly understood as fear of injury resulting from the use, or threatened use, of force." See United States v. Barrows, No. 2:13-cr-00185-MMD-VCF, 2016 WL 4010023, at *2 (D. Nev. Jul. 20, 2016) (citing United States v. Bailey, No. 2:14-cr-14-328-CAS, 2016 WL 3381218, at *4 (C.D. Cal. June 8, 2016)). That is, the phrase "fear of injury" must be considered in light of the overlapping phrases that precede it. Id.; see also Davis v. Michigan Dep't of Treasury, 489 U.S. 803, 809 ("[S]tatutory language cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). Here, the terms in the statute that precede "fear of injury"—actual force, threatened force, and violence—all involve force. See United States v. Pena, 161 F. Supp. 3d 268, 279 (S.D.N.Y. 2016) (rejecting defendant's argument that "Hobbs Act robbery is not covered by the [Section 924(c)(3)] [f]orce clause because it is possible to put someone in fear of injury without the threat of force"). Therefore, the Court concludes that the "fear of injury" term shares the same characteristic as its overlapping phrases related to force and should be understood as fear of injury from the use of force.

In light of the Court's construction of the term "fear of injury," Gaines's examples that do not involve the threat of force "are simply not covered by Hobbs Act robbery. If prosecutors charged a Hobbs Act robbery committed through 'fear of injury,' and the feared injury was . . . a diminution of [property] values . . . , that case could be dismissed for failure to state an offense—only a fear of injury from the use of force will satisfy the statute." Pena, 161 F. Supp. 3d at 282 (noting that a Hobbs Act robbery charge premised upon a threatened "diminution of local property values due to garish construction" would be dismissed for failure to state a claim). Therefore, Gaines fails to demonstrate that there is "a realistic probability" that that the elements of Hobbs Act robbery can be met

-11-

without also qualifying as a violent crime under the Section 924(c) force clause. Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) (requiring a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.").

The Court joins a growing list of district courts to have concluded, in the wake of Johnson II, that under the categorical approach, Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), "even in light of the 'fear of injury' prong." See, e.g., United States v. Crawford, No. 3:15-cr-070 JD, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016) ("[E]ven since Johnson II was decided in June 2015, over a dozen district courts have considered [the] question . . . [and] have unanimously held that Hobbs Act robbery is a crime of violence under the [Section 924(c)(3)] force clause, even in light of the 'fear of injury' prong) (collecting cases); United States v. Smith, No. 2:11-cr-00058-JAD-CWH, 2016 WL 2901661, at *5 (D. Nev. May 18, 2016) ("The phrase 'fear of injury' must be read in context with the rest of the words of the Hobbs Act. The requirement that the taking be from the person or in his presence further supports my conclusion that a fear of injury means a fear of physical injury, which requires the threatened use of physical force. Any other interpretation would read the physical-proximity requirement out of § 1951(b)(1). The legislative history of the Hobbs Act also supports this conclusion; the Act's robbery definition is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence. Because Hobbs Act robbery categorically qualifies as a crime of violence under [Section] 924(c)'s force clause, I deny the motion to dismiss the [Section] 924(c) counts that are predicated on interference with commerce by robbery."). "In light of the thorough, persuasive, and unanimous discussions in those cases on this issue, the Court [here] need not belabor the point." Crawford, 2016 WL 320116, at *3.

### 3. Hobbs Act Robbery Categorically Satisfies the Intent Requirement Implicit in Section 924(c)(3)(A)

Gaines also argues that Hobbs Act robbery is not a crime of violence as defined by the Section 924(c)(3) force clause because Gaines contends that Section 924(c)(3)(A) implicitly requires specific intent, while the Hobbs Act does not.[3] Mot. at 10–11. In Gaines's view, since Hobbs Act robbery can be accomplished without *intentionally* placing another in "fear of injury," it fails to satisfy the specific intent requirement under Section 924(c)(3)(A). Id. at 5. In other words, Gaines contends that it is possible to unintentionally instill "fear of injury" in a victim, and neither recklessness nor gross negligence would constitute sufficient mens rea to justify a conviction for a crime of violence. Id. at 9.

In support of his argument, Gaines analogizes "fear of injury," found in the Hobbs Act's definition of robbery, to "intimidation," as it is used in the federal bank robbery statute, 18 U.S.C. § 2113(a). Mot. at 10. Section 2113(a), in relevant part, criminalizes "[w]hoever, by force and violence, *or by intimidation*, takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value . . . from a bank." 18 U.S.C. § 2113(a) (emphasis added). Gaines rightly notes that some courts have concluded that "intimidation" may be satisfied regardless of whether the defendant intended to intimidate his or her victim, so long as an ordinary person in the

---

[3] The text of Section 924(c)(3)(A) does not explicitly require that there be an intentional use of physical force in order for a crime to constitute a "crime of violence." Still, Gaines cites Ninth Circuit authority holding that similar penalty-enhancing statutes implicitly require intent. See Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1130 (9th Cir. 2006) (holding that "neither recklessness nor gross negligence is a sufficient mens rea to establish that a conviction is for a crime of violence under Section 16."). However, the Supreme Court recently held that for purposes of a 18 U.S.C. § 921(a)(33)(A)—a penalty-enhancing statute similarly worded to Section 16 at issue in Fernandez-Ruiz and to Section 924(c)(3)(A)—reckless conduct indeed can constitute a crime of violence. See Voisine v. United States, 136 S.Ct. 2272, 2279–80, 2282 (2016).

victim's position would reasonably infer a threat of bodily harm from the defendant's actions.  See, e.g., United States v. Woodrup, 86 F.3d 359, 354 (4th Cir. 1996) ("The intimidation element of Section 2113(a) is satisfied . . . whether or not the defendant actually intended the intimidation.").  In Gaines's view, because "intimidation" in Section 2113(a) can be satisfied without specific intent, and "intimidation" is similar to "fear of injury" in the Hobbs Act, then "fear of injury" may also be satisfied by unintentional intimidation.  Mot. at 10.  Therefore, Gaines argues, Hobbs Act robbery cannot categorically be a crime of violence under the Section 924(c)(3) force clause.  Id.

      The Court finds this argument unpersuasive because "although not stated in the Hobbs Act itself, criminal intent—acting 'knowingly or willingly'—is an implied and necessary element that the government must prove for a Hobbs Act conviction." United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).  The criminal intent implicit in Section 1951(b)(1) satisfies the implicit intent requirement for a crime of violence.  See Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1132 (9th Cir. 2006) (for purposes of a similar penalty-enhancing statute, 18 U.S.C. § 16(a), holding that crimes of violence require "a higher degree of intent than negligent or merely accidental conduct.") (quoting Leocal v. Ashcroft, 543 U.S. 1, 2 (2006)); see also Voisine v. United States, 136 S.Ct. 2272, 2279–80, 2282 (2016) (for purposes of a similar penalty-enhancing statute, 18 U.S.C. § 921(a)(33)(A), holding that crimes of violence include "acts of force undertaken recklessly—i.e., with conscious disregard of a substantial risk of harm.").

      Further, to address Gaines's analogy to bank robbery, "[e]ven assuming that the Section 2113(a) case law applies directly to Section 1951's definition of Hobbs Act robbery, the . . . case law does not demonstrate that either statute is not a crime of violence under [relevant authority]." Bailey, 2016 WL 3381218, at *5.  As this Court has already concluded:

> Section 2113(a) is not a strict liability crime.  The Supreme Court has explained that Section 2113(a) is a general intent crime whose mens rea

-14-

> requirement is satisfied only if the "defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation)." Carter v. United States, 530 U.S. 255, 268 (2000). In other words, a defendant charged with bank robbery pursuant to Section 2113(a) must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another. If a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce compliance. Similarly, if a defendant robs a bank with intimidation, the prosecution need not prove a specific intent to cause fear. This does not mean that the bank robbery was accomplished through "negligent or merely accidental conduct."

Id. (quoting Pena, 161 F. Supp. 3d at 283). Gaines offers a somewhat "'implausible paradigm' in which a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury." United States v. Watson, No. 14-00751-01-DKW, 2016 WL 866298, at *7 (D. Haw. Mar. 2, 2016) (rejecting defendant's "implausible paradigm" and finding that Section 2113(a) bank robbery "by force and violence, or by intimidation" qualifies as a crime of violence under Section 924(c)(3(A)). Gaines has therefore failed to demonstrate a "realistic probability" that the accidental use of force would meet the elements of Hobbs Act robbery. See Gonzales, 549 U.S. at 193.

Gaines's argument is particularly unpersuasive given that the Ninth Circuit has already determined that the federal bank robbery statute to which Gaines refers, 18 U.S.C. § 2113(a) qualifies as a crime of violence under U.S.S.G. § 4B1.2(1), which uses a definition of "crime of violence" that is nearly identical to the "crime of violence" definition provided in Section 924(c)(3)(A). See United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) (holding that bank robbery "by force and violence" or "intimidation" under 18 U.S.C. § 2113(a) is a "crime of violence").

### C. SUMMARY

Gaines's claim is procedurally proper and timely. However, contrary to Gaines's arguments, Hobbs Act robbery requires physical force and specific intent. Therefore, the Court finds that Gaines fails to demonstrate that there is a "realistic probability" that the elements of Hobbs Act robbery can be met without also qualifying as a violent crime under Section 924(c)(3)(A). Accordingly, the Court concludes that, after <u>Johnson II</u>, Hobbs Act robbery categorically remains a crime of violence under Section 924(c)(3)(A).

The Court therefore **DENIES** Gaines's Section 2255 motion to vacate, set aside, or correct his sentence.

## IV. CERTIFICATE OF APPEALABILITY

Gaines seeks a certificate of appealability "for any issue" that merits it. <u>See</u> Reply at 15–17. In denying Gaines's Section 2255 motion, the Court must also address whether it should issue a certificate of appealability. <u>See</u> Rule 11, Rules Governing § 2255 Proceedings (directing the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A court may issue a certificate of appealability "for any issue with respect to which petitioner makes a "substantial showing of the denial of a constitutional right." <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1010 (quoting 28 U.S.C. § 2253(c)(2)). The substantial showing standard is "relatively low." <u>Jennings</u>, 290 F.3d at 1010. Appeal is permitted where petitioner can "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further." <u>Id.</u> (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893(1983)) (quotation marks omitted).

Although the Court's decision here is firmly grounded in and supported by the facts of the case and the existing precedent, the Court acknowledges that the legal landscape is still developing in the wake of <u>Johnson II.</u> Further, other districts courts in

this circuit have considered similar cases and have granted petitioners certificates of appealability. See e.g., United States v. Casas, No. 10-cr-3045-1, 2017 WL 1008109, at *5 (S.D. Cal. Mar. 14, 2017) (concluding that the issue of whether a Hobbs Act robbery qualifies as a crime of violence under the Section 924(c)(3) force clause is appropriate for appealability); United States v. Lott, No. 16-cv-1575-WQH, 2017 WL 553467, at *6 (S.D. Cal. Feb. 9, 2017) (same). The Court finds it appropriate to do the same here. Accordingly, the Court **GRANTS** a certificate of appealability as to all issues raised by Gaines.

## VI. CONCLUSION

For the reasons stated herein, the Court **DENIES** Gaines's motion to vacate, set aside, or correct his sentence, but **GRANTS** a certificate of appealability as to all issues.

**IT IS SO ORDERED.**

DATED: April 3, 2017

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE